**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION**

| | | |
|---|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Keith Cimino, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. |
| A-TECH HEATING & COOLING, INC., | ) ) | |
| *Defendant*. | ) | |

SWISTAK LEVINE, P.C.
Lawrence P. Swistak (P24892)
Attorneys for Plaintiff
30833 Northwestern Highway, Suite 120
Farmington Hills, MI 48334
(248) 851-8000
(248) 851-4620 (Fax)

*There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in this Complaint.*

## COMPLAINT

NOW COMES Plaintiff ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Keith Cimino, by and through its attorney, Mark L. McGuire of GROTEFELD, HOFFMANN, SCHLEITER, GORDON, OCHOA & EVINGER, LLP, complains of Defendant, A-TECH HEATING & COOLING, INC., and for its complaint states the following:

## PARTIES

1. At all times relevant, Plaintiff ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter, "Allstate"), is an insurance company organized and

1

existing under the laws of the State of Illinois, with its principal place of business located in Northbrook, Illinois.

2. At all times relevant, Allstate issued insurance policies for properties located in and throughout the United States, including in the Eastern District of Michigan.

3. At all times relevant, Keith Cimino owned and resided in a single-family dwelling located at 103 Ford Street, Roscommon, Roscommon County, Michigan (hereinafter, the "Subject Residence").

4. Upon information and belief, and at all times relevant, Defendant A-TECH HEATING & COOLING, INC. (hereinafter, "A-Tech"), was and is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 211 W. West Branch Road, Suite 107, Prudenville, Roscommon County, Michigan.

5. At all times relevant, Keith Cimino held a policy of insurance written by Allstate, which, *inter alia*, provided coverage for real and personal property damage.

6. The incident which gives rise to this Complaint occurred at the Subject Residence.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000.00, exclusive of interest, costs and fees.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events, acts or omissions giving rise to this Complaint occurred in Roscommon County, Michigan, which is located within the Eastern District of Michigan.

**COMMON ALLEGATIONS**

9. Sometime in 2012, Keith Cimino hired A-Tech to install a fire place, chimney, heat shields, chimney chase, and its associated components (hereinafter, the "Subject Chimney") at the Subject Residence.

10. Upon information and belief, A-Tech subsequently installed, constructed, and/or built the Subject Chimney at the Subject Residence.

11. A DuraTech brand all-fuel chimney system was installed at the residence.

12. Upon information and belief, Cimino expected that the construction and installation of the Subject Chimney, included, but was not limited to, installation of anchor plates and other supports that would prevent the Subject Chimney from moving, rotating, and/or otherwise prevent contact between the Subject Chimney and combustible materials located near and around the Subject Chimney.

13. At all relevant times, Keith Cimino used the Subject Chimney for its normal and intended purpose of providing heat to the Subject Residence.

14. On or around December 17, 2016, Mr. Cimino started a fire in the Subject Chimney and maintained the fire throughout the day until it was extinguished at 11:00 p.m.

15. On or around 1:50 a.m. on December 18, 2016, the smoke alarm sounded and Mr. Cimino observed a flame at the top of the fire place and a glowing spot on the Subject Chimney located at approximately eight (8) to ten (10) feet from the floor (hereinafter, the "Subject Fire").

16. Subsequent investigation revealed that the Subject Fire originated from above the fire stop within the chimney chase of the Subject Chimney.

17. Subsequent investigation revealed that the Subject Fire was caused by the improper installation of the Subject Chimney and its associated components. Specifically, the

Subject Chimney lacked the proper supporting components, which allowed for the Subject Chimney to move, rotate, or otherwise come into contact with, or within close proximity to, combustible materials surrounding the Subject Chimney.

18. The Chimney as constructed and installed, was not safe for its intended and foreseeable uses.

19. As a result, the Subject Fire caused substantial damage to the Subject Residence and the real and personal property of Keith Cimino.

20. Pursuant to its policy of insurance with Allstate, Mr. Cimino made claims seeking indemnification and reimbursement for damages sustained as a result of the Subject Fire.

21. Allstate has since paid to, or on behalf of, Mr. Cimino a sum in excess of $200,000.00 for repairs, construction, and other associated expenses arising from the Subject Fire.

22. In consideration of the aforementioned payment by Allstate to Mr. Cimino, and by operation of law, Plaintiff Allstate became an actual, bona fide subrogee of Keith Cimino, and became subrogated to all rights and claims that he may have against any person or entity that may be liable for causing the aforementioned loss.

## COUNT I
## BREACH OF IMPLIED WARRANTY OF WORKMANLIKE MANNER

1. - 22. Cincinnati re-alleges and incorporates herein the allegations contained in Paragraphs one (1) through twenty-two (22) as if specifically plead herein.

23. At all relevant times, A-Tech impliedly warranted that it would install, inspect, and construct the Subject Chimney and its associated components in the Subject Residence in a skillful, careful, diligent, and workmanlike manner, adhering to industry standards.

24.     At all relevant times, Defendant A-Tech was under a duty to perform the installation and/or construction of the Subject Chimney in a skillful, careful, diligent and workmanlike manner, adhering to industry standards.

25.     In violation of said duties, Defendant A-Tech, and/or his representative agents and employees, are liable for its breach of the implied warranty of performance in a workmanlike manner through the following acts or omissions, including but not limited to:

   a. Failure to properly install and perform work on the Subject Chimney in a good and workmanlike manner, evincing the skill and knowledge of a reasonable tradesperson;

   b. Failure to properly inspect all maintenance and servicing work to ensure that it was performed in a good and workmanlike manner, evincing the skill and knowledge of a reasonable tradesperson;

   c. Installed the Subject Fireplace and its associated components incorrectly;

   d. Failed to install an anchor plate;

   e. Failed to install a support between the "elbows" of each chimney section;

   f. Failed to install any support located near the ceiling;

   g. Installed improvised supports instead of the industry standard support systems;

   h. Failed to install DuraTech brand supports in direct violation of the manufacturer's instructions;

   i. Failed to construct support systems to prevent or restrict movement, rotation, and/or position of the Subject Chimney;

   j. Failed to inspect the Subject Chimney to reveal the defects with the installation and construction; and

   k. Otherwise installed, constructed, inspected and/or tested the Subject Chimney in an unskilled and unworkmanlike manner.

26.     On or about December 18, 2016, as a direct and proximate result of Defendant A-Tech's aforementioned breaches, the Subject Chimney moved, rotated, or otherwise came into

5

contact or close proximity with combustible materials, causing a fire to ignite at the Subject Residence, causing damage to Keith Cimino's real and personal property.

27. As a direct and proximate result of Defendant A-Tech's aforementioned breaches, Plaintiff Allstate was obligated to, and did in fact pay Mr. Cimino in excess of $200,000.00 pursuant to the aforementioned policy of insurance, and became subrogated thereby to the extent of such payment.

WHEREFORE Plaintiff ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Keith Cimino, respectfully requests judgment be entered in its favor against Defendant A-TECH HEATING & COOLING, INC., in an amount in excess of $200,000.00, plus interest, costs, fees and other further relief this Court deems equitable and just.

## COUNT II
### NEGLIGENCE

1. - 22. Cincinnati re-alleges and incorporates herein the allegations contained in Paragraphs one (1) through twenty-two (22) as if specifically plead herein.

28. At all relevant times, Defendant A-Tech, and/or its representatives, agents, and/or employees, had a duty to exercise reasonable care while performing installation, construction, and or inspections at the Subject Residence.

29. Notwithstanding said duty and in breach thereof, Defendant A-Tech, by and through its employees, agents, representatives, and/or subcontractors, committed one or more of the following negligent acts and/or omissions:

   a. Improperly installed the Subject Fireplace and its associated components;

   b. Failed to protect the Subject Fireplace from rotating, moving, or otherwise coming into contact with combustible materials;

6

    c. Failed to properly install the Subject Fireplace and its associated components in accordance with industry standards;

    d. Failed to install an anchor plate to support the Subject Fireplace;

    e. Failed to install a support between the "elbows" of each chimney section of the Subject Fireplace;

    f. Failed to install any support located near the ceiling;

    g. Failed to install DuraTech brand supports in direct violation of the manufacturer's instructions;

    h. Installed improvised supports instead of the industry standard support systems;

    i. Failed to construct support systems to prevent or restrict movement, rotation, and/or position of the Subject Chimney;

    j. Failed to inspect the Subject Chimney to reveal the defects with the installation and construction; and

    k. Was otherwise careless and negligent in failing to exercise due care.

30. On or about December 18, 2016, as a direct and proximate result of Defendant A-Tech's aforementioned negligent acts and/or omissions, the Subject Chimney moved, rotated, or otherwise came into contact or close proximity with combustible materials, causing a fire to ignite at the Subject Residence, causing damage to Keith Cimino's real and personal property.

31. As a direct and proximate result of Defendant A-Tech's aforementioned breaches, Plaintiff Allstate was obligated to, and did in fact pay Mr. Cimino in excess of $200,000.00 pursuant to the aforementioned policy of insurance, and became subrogated thereby to the extent of such payment.

WHEREFORE Plaintiff ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Keith Cimino, respectfully requests judgment be entered in its favor

against Defendant A-TECH HEATING & COOLING, INC., in an amount in excess of $200,000.00, plus interest, costs, fees and other further relief this Court deems equitable and just.

        Respectfully submitted,

        ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Keith Cimino,

        s/Lawrence P. Swistak
        One of its attorneys
        SWISTAK LEVINE, P.C.
        Attorneys for Plaintiff
        30833 Northwestern Highway, Suite 120
        Farmington Hills, MI 48334
        (248) 851-8000
        Email: lswistak@swistaklevine.com
        P248982

## **JURY DEMAND**

The undersigned, as attorney, requests the following on behalf of Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of Keith Cimino:

Plaintiff demands trial by a 12 person jury.

        ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, as subrogee of Keith Cimino,

        s/Lawrence P. Swistak
        One of its attorneys
        SWISTAK LEVINE, P.C.
        Attorneys for Plaintiff
        30833 Northwestern Highway, Suite 120
        Farmington Hills, MI 48334
        (248) 851-8000
        Email: lswistak@swistaklevine.com
        P248982